EXHIBIT A.

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

## *District of Rhode Island*

JOHN F. PIERCE

v.

A.T. WALL, ET AL

JUDGMENT IN A CIVIL CASE

CASE NUMBER: CA01-266T

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

PURSUANT TO THIS COURT'S ORDER ENTERED NOVEMBER 7, 2001 ACCEPTING MAGISTRATE'S REPORT & RECOMMENDATION AND GRANTING STATE OF RHODE ISLAND'S MOTION TO DISMISS, JUDGMENT IS HEREBY ENTERED IN FAVOR OF THE STATE OF RHODE ISLAND.

November 07, 2001
*Date*

David A. DiMarzio
*Clerk*

Paula Farrell
*(By) Deputy Clerk*

16

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN F. PIERCE,
petitioner

v. C.A. No. 01-266T

A. T. Wall, et al.
respondents

**ORDER GRANTING MOTION TO DISMISS**

Based upon the recommendation contained in Magistrate Lovegreen's report of October 12, 2001, and for the reasons stated therein, the State of Rhode Island's motion to dismiss is GRANTED and the petition for habeas corpus is DISMISSED with prejudice, as it is time barred. The petitioner's motion to deny and dismiss the State's motion to dismiss petition for writ of habeas corpus (i.e., his opposition to the State's motion to dismiss) is hereby DENIED.

By Order,
Paula Farrell
Deputy Clerk

ENTER:
Ernest C. Torres
Ernest C. Torres
Chief United States District Judge
Date: 11/7/01

15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN F. PIERCE

v. C.A. 01-266 - T

STATE OF RHODE ISLAND

**REPORT AND RECOMMENDATION**

Robert W. Lovegreen, United States Magistrate Judge

**Background**

On May 30, 2001, plaintiff, John F. Pierce ("Pierce"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pierce is currently serving a 30-year sentence at the Adult Correctional Institution ("ACI") pursuant to a state court conviction for first degree child molestation and first and second degree sexual assault. Pierce requests that this court issue a writ of habeas corpus in order to permit him to pursue in this court post-conviction proceedings for relief from judgment, raising arguments of "duplicity," improper instructions and ineffective assistance of counsel, which he contends justify a new trial.

According to the state court record before the Court, Pierce was convicted by a jury in April 1994 of six counts charging child molestation and first and second degree sexual assault.[2] Pierce was sentence to 133 years by then trial judge John Bourcier, and he appealed to the Rhode Island Supreme Court. On January 24, 1997 that Court affirmed the conviction as to all but one count (first degree child molestation), which was reversed and remanded for a new trial. State v. Pierce, 689 A.2d 1030 (R.I. 1997).[3] Pierce's motion for reargument was denied by the state Supreme Court on March 27, 1997. Upon remand to the Superior Court Pierce moved for a reduction in his sentence, which motion was granted on May 1, 1998 and his sentence reduced to 30 years to serve.

More than two years later, on September 30, 2000, Pierce filed in state court an

---

[1] 28 U.S.C. § 2254(a) states:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

[2] Pierce was acquitted of a seventh count alleging a further instance of first degree sexual assault.

[3] On remand the State dismissed this count pursuant to R.I. Super. R. Crim. P. 48(a).

application for post-conviction relief ("PCR").[4] Specific facts and allegations in support of the PCR application were filed on April 10, 2001. In his PCR application Pierce claimed that Counts 1 and 3 of his indictment were "duplicitous" and that counts 3, 4 and 5 should be reversed due to erroneous jury instructions in connection with the element of "force and coercion." During March, April and May 2001, Pierce appeared on several occasions before the state Superior Court in the PCR proceeding, principally on the question of appointment of counsel to represent him in that proceeding. According to the state docket, the most recent hearing was held on May 11, 2001 for determination of attorney, and a Rhode Island Public Defender was to enter an appearance. Pierce states that he insisted on proceeding pro se in the PCR proceeding but that his requests have been ignored by the state court.[5] See Pierce's Petition for Writ of Habeas Corpus at p.3 ¶ 11(a), p. 4, ¶ line5 and p.6 ¶ 13. The PCR proceeding remains pending.

On May 30, 2001, Pierce filed the instant petition for writ of habeas corpus in this federal court. The State filed a motion to dismiss based upon two grounds: (1) the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A); and (2) Pierce has not exhausted his state remedies. Pierce has objected, stating that he has attempted on many occasions to proceed *pro se* on his PCR application without success so that he has exhausted his state remedies and that his §2254 petition was timely filed.

This matter has been referred to a magistrate judge for preliminary review, findings, and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); Local rule 32(c). Based upon my review of the legal memoranda and my independent research, I recommend that the district court deny Pierce's petition for a writ of habeas corpus with prejudice, as it is time barred. Alternatively, I recommend that Pierce's petition be denied without prejudice, as it contains

---

[4] The state court docket reflects a filing date of October 19, 2000. In his submissions in the instant proceeding Pierce states that he filed the PCR application on September 30, 2000. Because the result here is the same under either date, I accept for purposes of this proceeding the September 30 date as the date of filing of the state PCR proceeding.

[5] The docket for the PCR proceeding shows that on January 25, 2001 Attorney Neil Steingold was appointed to represent Pierce. According to Pierce, Steingold was discharged as Pierce's attorney at a hearing held on April 20, 2001, although this discharge does not appear on the docket. On May 11, 2001 Rhode Island Public Defender Robert Marro was directed to enter his appearance, but there is no record of any appearance filed on behalf of Pierce by Marro or by any other Public Defender to date. In a letter dated August 21, 2001 from Marro to Pierce, a copy of which has been filed in the instant habeas corpus proceeding, Marro stated that he needed to review the file in the PCR proceeding, including all filings made to date, before he could enter an appearance on behalf of Pierce. On August 22, 2001 Pierce responded that he never requested either a private attorney or a Public Defender and wished to proceed *pro se* in the PCR matter.

unexhausted claims.[6]

## Discussion

## I. Standard of Review

### A. Habeas Corpus Statute

The standard of review for a federal court pursuant to 28 U.S.C. 2254(d) is as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996)(codified in scattered sections of 28 U.S.C.)("AEDPA") established this standard of review. Prior to AEDPA's passage, federal courts decided a petitioner's habeas corpus claims *de novo* because the habeas corpus statute did not require that a federal court pay any special attention to the underlying state court decision. See O'Brien v. Dubois, 145 F.3d 16, 20 (1st Cir. 1998) (citations omitted). Under the current post-AEDPA version of § 2254, however, a state court's decision is the "cynosure of federal review. Only if that decision deviates from the paradigm described in section 2254(d) can a habeas court grant relief." Id.

Nevertheless, Congress did not intend to relinquish "federal courts of their authority independently to assess the merits of federal questions raised in habeas petitions." O'Brien v. Dubois, 145 F.3d at 22 (citing Green v. French, 143 F.3d 865, 874-75 ("[A]mended section 2254(d) does not limit any inferior federal court's independent interpretive authority to determine the meaning of federal law in any Article III case or controversy. Under the AEDPA, we are free, if we choose, to decide whether a habeas petitioner's conviction and sentence violate any constitutional rights."); James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 30.2c, at 1244-45 n. 32 (1998)(cataloguing various statements by Sen. Hatch, Sen. Specter, Rep. Hyde, and President Clinton.); Larry Yackle, A Primer on the New Habeas Corpus Statute, 44 Buff. L. Rev. 381, 422-23 (1996) ("Proponents on curbs on habeas corpus initially

---

[6] No hearing was held in this matter as the written record and memoranda were sufficient.

sought to eliminate the federal courts' authority to award relief on the basis of claims previously rejected in state court -- either by repealing the federal courts' jurisdiction outright or by giving prior state judgments preclusive effect. When those efforts failed in the face of intense opposition, proponents made concessions . . . offering additional assurance that the federal courts would not be denied power to grant relief with respect to meritorious claims."). Consequently, the First Circuit has developed a standard that strikes a balance between satisfying the statutory mandate to focus on the state court's decision and maintaining some of the federal courts' independence.

### B. First Circuit Standard

The First Circuit applies a two-step analysis when examining a state court decision under § 2254(d).

> First, the habeas court asks whether the Supreme Court has prescribed a rule that governs the petitioner's claim. If so, the habeas court gauges whether the state court decision is 'contrary to' the governing rule. In the absence of a governing rule, the 'contrary to' clause drops from the equation and the habeas court takes the second step. At this stage, the habeas court determines whether the state court's use of (or failure to use) existing law in deciding the petitioner's claim involved an 'unreasonable application' of Supreme Court precedent.

O'Brien v. Dubois, 145 F.3d at 24. The First Circuit emphasized that regarding the first inquiry, "a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." Id. at 24-25 (noting that "the key inquiry . . . is whether a Supreme Court rule . . . can fairly be said to require a particular result in a particular case"). Regarding the second prong, the First Circuit requires an objectively reasonable standard: the question is "whether the state court's derivation of a case-specific rule from the Court's generally relevant jurisprudence appears objectively reasonable." Id. at 25. To issue a writ of habeas corpus, "the state court decision must be so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes." Id. (citations omitted).

### C. Timeliness of the § 2254 Petition

The AEDPA, effective April 24, 1996, provides for a one-year statute of limitations for petitions filed under 28 U.S.C. § 2254. As codified at § 2244, it provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). This one-year period of limitation is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2); see Duncan v. Walker, 121 S.Ct. 2120 (2001).

In assessing the timeliness of Pierce's habeas petition, this court must determine: (1) the date when the statute of limitations began to run with respect to Pierce's federal habeas petition; (2) the date the statute of limitations expired; and (3) whether the statute of limitations was tolled due to any filing in the state court by Pierce.

(1) Commencement of Statute of Limitations

The final action on Pierce's appeal occurred on March 27, 1997, when his petition for rehearing was denied. See supra at p.1. Allowing for the ninety (90) day period for seeking further review via certiorari to the United States Supreme Court (which Pierce did not seek), Pierce's conviction became final for purposes of § 2244(d)(1)(A) on June 26, 1997. See Smith v. Bowersox, 159 F. 3d 345, 347-348 (8th Cir. 1998), *cert denied*, 525 U.S. 118, 119 S.Ct. 1133 (1999).

(2) Expiration of the Statute of Limitations

Pursuant to 28 U.S.C. §2244(d)(1)(A) the last day on which Pierce could have filed the instant petition was June 26, 1998, one year after the expiration of the time to seek further review from the U.S. Supreme Court.[7] Since the instant petition was not filed until September 30, 2001 at the earliest, long after June 26, 1998, it is time-barred and must be dismissed absent any tolling exigencies.

(3) Tolling of the Statute of Limitations

28 U.S.C. § 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[7] Pierce does not claim that any of the other triggering events for the one-year limitations period set forth in § 2244(d)(1) apply in the instant case, and none appear to apply in any event. See §2244(d)(1)(B), (C) and (D).

Here, Pierce did not file his initial PCR application in state court until September 30, 2000 at the earliest, which is well after the expiration of the one year limitation period provided in § 2244(d)(1)(A).[8] Under those circumstances Pierce's state court PCR petition had absolutely no impact on the running of the statute of limitations. See Lomazoff v. Walters, 63 F. Supp. 2d 663, 666 (E.D. Pa. 1999); Figueroa v. Wall, 2000 WL 621103, at *2 & n.3 (D.R.I. April 27, 2000)( where state court PCR action filed well after statute of limitations for filing of federal habeas petition had already expired, PCR had no tolling effect). Consequently, there was no tolling of the statute of limitations here on that basis. Similarly, Pierce's motion to reduce his sentence did not toll the statute of limitations, since it did not attack the judgment of conviction but only the length of Pierce's sentence. See § 2244(d)(2)("applications for State post-conviction or other collateral review with respect to *the pertinent judgment or claim*")(emphasis added); Tillema v. Long, 253 F. 3d 494, 500 & nn.7-8 (9th Cir. 2001)(contrasting habeas petitions attacking judgment of conviction with applications for post-conviction relief based on other grounds).[9]

In view of the foregoing considerations, I recommend that Pierce's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied as untimely filed.

**D. Failure to Exhaust State Remedies**

Even if Pierce's habeas petition is deemed to be timely filed, it must be dismissed without prejudice because issues raised therein have not been exhausted in state court. The instant petition includes the following claims: that Counts 1 and 7 of the Indictment were "duplicitous" (Ground One); that the state trial court's instructions at trial improperly omitted the required element of "force and coercion" (Ground Two); various violations of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution at trial, referring to Grounds One and Two (Ground Three); and ineffective assistance of counsel (Ground Four).

All of these claims were raised in Pierce's PCR application, which remains pending in state court. There has been no decision by the Superior Court nor review thereof by the state Supreme Court, either on direct appeal or in the collateral PCR proceeding. Consequently, there is nothing for the federal court to review by way of habeas jurisdiction.

---

[8] The State points out (State's Memorandum in Support of State's Motion to Dismiss Petition for Writ of Habeas Corpus at 3-4) that the factual support for Pierce's PCR application was not filed until the following April 2001. However, even assuming without deciding that the PCR application was nonetheless "properly filed" when initiated on September 30, 2000, see Artuz v. Bennett, 531 U.S. 4, 8-9, 121 S.Ct. 361, 363-364 (2000), this filing was too late to toll the one-year limitations period under §§ 2244(d)(1)(A), since that period had expired more than two years earlier.

[9] Even if the approximately five-month period during which Pierce's motion to reduce sentence was pending did toll the pertinent limitations period here, it could not save the instant habeas petition, which was filed more than two years after the limitations period expired.

The First Circuit has stated on numerous occasions that petitions containing unexhausted claims should not ordinarily be adjudicated by the federal habeas court. See, e.g., Adelson v. DiPaola, 131 F.3d 259, 261-62 (1st Cir. 1997); see also Rose v. Lundy, 455 U.S. 509, 522 (1982)(holding that a federal habeas court ordinarily should not adjudicate a "mixed" petition, i.e., one containing both exhausted and unexhausted claims). Here, none of the claims have been exhausted.

In addition, Pierce complains that he is not being permitted to proceed *pro se* in his pending PCR proceeding in state court. This complaint is likewise premature, since there has been no final determination by the state court that Pierce may not proceed *pro se*, and thus this issue is not before this court.[10]

For these reasons, Pierce's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should alternatively be dismissed. If the petition is denied on this ground, the dismissal should be without prejudice.

**Conclusion**

For the reasons stated, I recommend that the district court grant the State's Motion to Dismiss and dismiss Pierce's petition for a writ of habeas corpus with prejudice, as it is time barred. Alternatively, Pierce's petition should be dismissed without prejudice, as it contains unexhausted claims which have not yet been determined by the state court. Finally, Pierce's Motion to Deny and Dismiss the State's Motion to Dismiss Petition for Writ of Habeas Corpus (in effect, his opposition to the State's motion to dismiss) should be denied as well.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of the United States District Court for the District of Rhode Island; Fed.R.Civ.P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Robert W. Lovegreen
United States Magistrate Judge
October 12, 2001

The recommendation is hereby accepted.
Ernest C. Torres
Chief, US District Judge
Date: 11/7/01

[10] Pierce's frustration at his perceived inability to proceed *pro se* in the PCR proceeding may well have been the impetus for the filing of the instant habeas petition in this court, but it provides no legal basis for relief here, where as noted above, the instant petition is based on claims arising out of the judgment pursuant to which Pierce is incarcerated. See Tillema, 253 F. 3d at 500 & nn. 7-8.