United States District Court
For The District of Rhode Island

John F. Pierce
Petitioner
V.
C.A. 08-72 S
A.T. Wall
Respondent

Petitioner's Reply to The States Motion To Dismiss Petition For Writ OF Habeas Corpus.

Motion To Dismiss The State's Motion to Dismiss Petition For Writ of Habeas Corpus

On March 12, 2008, this Petitioner Received a copy of the State's "Motion to dismiss petition for writ of Habeas Corpus."

Now comes this Petitioner, John F. Pierce, and motions this honorable court to **deny and dismiss the State's motion,** as the State **erred** in its "suggestion," and distorted and/or ignored the decision by Chief US District Judge Ernest C. Torres

On page 1 of the State's motion, the State "would respectfully suggest that the above-captioned case" (CA.08-72S) is time-barred.

In fact, this **is not** what Judge Torres ordered.

In the "Conclusion", that Judge Torres signed, in the first paragraph, 3rd line down it states: "Alternatively, Pierce's petition should be dismissed, **without prejudice**, as it contains unexhausted claims which have not yet been determined by the State court." The issues of violation of the United States Constitution and the Rhode Island Constitution are **reserved** (see p.7 attached)

Further reason this honorable court **should grant the Petition for a Writ of Habeas Corpus**, is that the issues listed in the petition filed on February 28, 2008, are the same issues listed in the petition for a Writ of Habeas Corpus that was first filed on May 30, 2001. (See Section D. page 6 - Attached) The grievance was filed 7 years **before** exhausting the State court remedies, that finally got done on February 11, 2008, and were dismissed at that time, (11-7-01) **without prejudice**

Conclusion

Not only for the reasons in this motion, that this Petitioner motions the court to deny and dismiss the State's motion, but for all the reasons of violations of Constitutional magnitude and the evidence of deceit and the evidence of a directed verdict by the trial judge does this Petitioner move to grant the Petition for a Writ of Habeas Corpus. This **Petitioner** Refers this court to the exhibit of the brief, submitted with the Motion for an Evidentiary Hearing,

that shows the strong and solid evidence of Constitutional Violations. The State decided to overlook and not act on the watershed, bedrock and fundamental fairness violations it created and allowed.

The "substantial and injurious effect" under Brecht v. Abrahamson, 507 U.S. 619, 631 should be considered.

For these reasons and all others in the brief (submitted) and other reasons to be raised this Petitioner moves to GRANT THE PETITION FOR A WRIT OF HABEAS CORPUS

Respectfully submitted,
John F. Prince PRO-SE