Here, Pierce did not file his initial PCR application in state court until September 30, 2000 at the earliest, which is well after the expiration of the one year limitation period provided in § 2244(d)(1)(A).[8] Under those circumstances Pierce's state court PCR petition had absolutely no impact on the running of the statute of limitations. See Lomazoff v. Walters, 63 F. Supp. 2d 663, 666 (E.D. Pa. 1999); Figueroa v. Wall, 2000 WL 621103, at *2 & n.3 (D.R.I. April 27, 2000)( where state court PCR action filed well after statute of limitations for filing of federal habeas petition had already expired, PCR had no tolling effect). Consequently, there was no tolling of the statute of limitations here on that basis. Similarly, Pierce's motion to reduce his sentence did not toll the statute of limitations, since it did not attack the judgment of conviction but only the length of Pierce's sentence. See § 2244(d)(2)("applications for State post-conviction or other collateral review with respect to *the pertinent judgment or claim*")(emphasis added); Tillema v. Long, 253 F. 3d 494, 500 & nn.7-8 (9th Cir. 2001)(contrasting habeas petitions attacking judgment of conviction with applications for post-conviction relief based on other grounds).[9]

In view of the foregoing considerations, I recommend that Pierce's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied as untimely filed.

**D. Failure to Exhaust State Remedies**

Even if Pierce's habeas petition is deemed to be timely filed, it must be dismissed without prejudice because issues raised therein have not been exhausted in state court. The instant petition includes the following claims: that Counts 1 and 7 of the Indictment were "duplicitous" (Ground One); that the state trial court's instructions at trial improperly omitted the required element of "force and coercion" (Ground Two); various violations of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution at trial, referring to Grounds One and Two (Ground Three); and ineffective assistance of counsel (Ground Four).

All of these claims were raised in Pierce's PCR application, which remains pending in state court. There has been no decision by the Superior Court nor review thereof by the state Supreme Court, either on direct appeal or in the collateral PCR proceeding. Consequently, there is nothing for the federal court to review by way of habeas jurisdiction.

---

[8] The State points out (State's Memorandum in Support of State's Motion to Dismiss Petition for Writ of Habeas Corpus at 3-4) that the factual support for Pierce's PCR application was not filed until the following April 2001. However, even assuming without deciding that the PCR application was nonetheless "properly filed" when initiated on September 30, 2000, see Artuz v. Bennett, 531 U.S. 4, 8-9, 121 S.Ct. 361, 363-364 (2000), this filing was too late to toll the one-year limitations period under §§ 2244(d)(1)(A), since that period had expired more than two years earlier.

[9] Even if the approximately five-month period during which Pierce's motion to reduce sentence was pending did toll the pertinent limitations period here, it could not save the instant habeas petition, which was filed more than two years after the limitations period expired.

The First Circuit has stated on numerous occasions that petitions containing unexhausted claims should not ordinarily be adjudicated by the federal habeas court. See, e.g., Adelson v. DiPaola, 131 F.3d 259, 261-62 (1st Cir. 1997); see also Rose v. Lundy, 455 U.S. 509, 522 (1982)(holding that a federal habeas court ordinarily should not adjudicate a "mixed" petition, i.e., one containing both exhausted and unexhausted claims). Here, none of the claims have been exhausted.

In addition, Pierce complains that he is not being permitted to proceed *pro se* in his pending PCR proceeding in state court. This complaint is likewise premature, since there has been no final determination by the state court that Pierce may not proceed *pro se*, and thus this issue is not before this court.[10]

For these reasons, Pierce's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should alternatively be dismissed. If the petition is denied on this ground, the dismissal should be without prejudice.

**Conclusion**

For the reasons stated, I recommend that the district court grant the State's Motion to Dismiss and dismiss Pierce's petition for a writ of habeas corpus with prejudice, as it is time barred. Alternatively, Pierce's petition should be dismissed without prejudice, as it contains unexhausted claims which have not yet been determined by the state court. Finally, Pierce's Motion to Deny and Dismiss the State's Motion to Dismiss Petition for Writ of Habeas Corpus (in effect, his opposition to the State's motion to dismiss) should be denied as well.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of the United States District Court for the District of Rhode Island; Fed.R.Civ.P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Robert W. Lovegreen
United States Magistrate Judge
October 12, 2001

The recommendation is hereby accepted.

Ernest C. Torres
Chief, US District Judge
Date: 11/7/01

[10] Pierce's frustration at his perceived inability to proceed *pro se* in the PCR proceeding may well have been the impetus for the filing of the instant habeas petition in this court, but it provides no legal basis for relief here, where as noted above, the instant petition is based on claims arising out of the judgment pursuant to which Pierce is incarcerated. See Tillema, 253 F. 3d at 500 & nn. 7-8.