United States District Court
For The District Of Rhode Island

John F. Pierce
Petitioner

V C.A. 08-72S

A.T. Wall
Respondent

# Motion To Dismiss The State's Objection To An Evidentiary Hearing

The Petitioner JOHN F. PIERCE, now, Respectfully Requests that this Honorable Court dismiss the State's objection and deny the State's motion and any move that would deny this Petitioner an Evidentiary Hearing.

## MEMORANDUM TO SUPPORT PETITIONER'S MOTION

It is well documented and indisputable that Counts 1 and 7 are DUPLICITOUS based on the testimony at trial, the indictment, and the Bill of Particulars. Indeed at the PCR hearing the State conceded to DUPLICITY "but each one of those counts included multiple incidents" **PCR TT p.16**
Equally well documented and indisputable is that the State declined the opportunity to press and argue the issues of DUPLICITY on the merits **PCR TT p.21**

 

Clearly the State committed the deceit of DUPLICITY in this Petitioner's trial, as was made evident in the copy of the legal brief that was submitted as evidence in support of an Evidentiary Hearing, to show the violations of the 5th and 14th Amendments of the United States and Rhode Island Constitutions.

Clearly the Petition for a Writ of Habeas Corpus is **not** time barred as the issues of **DUPLICITY, DIRECTED VERDICT, and INEFFECTIVE ASSISTENCE OF COUNSEL** are reserved, as they were filed in this Honorable Court 5 years before the issues were heard for the first time on post-conviction. At that time, Chief Judge Torres dismissed the Petition for a Writ of Habeas Corpus case # 01-266T **without Prejudice**

On Page 7 of Chief Judge Torres' decision, in the 4th paragraph 3rd line (copy previously submitted with this Petitioner's Motion to Deny and Dismiss the States Motion to Dismiss Petition for Writ of Habeas Corpus)

"Alternatively, Pierce's Petition should be dismissed **without prejudice**, as it contains unexhausted claims which have not yet been determined by the state court"

These issues are Post-Conviction issues.

Equally clear and Equally strong is the issue of a "Directed Verdict" and that the State is committing **DISCRIMINATION** by not allowing

this Petitioner to be governed by the laws and Rules of the State.

Superior Court Judge Fortunato Recognized the problem the instructions caused that was given to the Pierce jury and that the outcome was making the conviction **contrary to Evidence.** Thus, the Superior Court Judge **overturned** the conviction of counts 3, 4 + 5.

The State Appealed and the Supreme Court reinstated the conviction, violating the 14th Amendment of the United States and Rhode Island Constitutions and ignoring a Constitutional Blockbuster that amounts to a "**WATERSHED**" change in criminal procedure, that altered the **BEDROCK** elements essential to **Fundamental Fairness**

The instruction in question, that directs a guilty verdict to be found by the jury, is not disputed as being illegal and condemned by the Rhode Island Supreme Court **and** by the judge who gave it to the Pierce jury.

## Conclusion

For the reasons of the injustices of the violations of Constitutional magnitude of the United States and Rhode Island Constitutions

that were committed and ignored, the fact of the deceit of **DUPLICITY**, and the fact that the trial judge **DIRECTED A GUILTY VERDICT**, and for all the reasons that were submitted in the Petitioner's legal brief, this Petitioner Respectfully Asks and motions this Honorable Court to **grant** John F. Pierce his motion for an Evidentiary Hearing.

This is keeping with **2254(d)(1)** and **2254(d)(2)**. The Petitioner notes that all factual allegations will be proven to be true, and entitle the applicant to federal Habeas relief, See, e.g., **Mayes v. Gibson, 210 F. 3d 1284, 1287 (CA10 2000)**

In ending, the Petitioner notes that not one word of any issue raised in the Petition for a Writ of Habeas Corpus or any motion or argument has been disputed in anyway.

Respectfully Submitted,

John F. Pierce
Pro-Se

FILED