UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN F. PIERCE

v. C.A. No. 08-072S

ASHBEL T WALL

# Petitioner's Objection to the Report and Recommendation of Senior U.S. Magistrate Judge Jacob Hagopian

Now comes the Petitioner, John F. Pierce, pursuant to Fed. R. Civ. P 72(b) and LR CV. 72(d) and hereby **OBJECTS** to this Honorable Court's Report and Recommendation denying **habeas corpus**; the order denying an **evidentiary hearing**; and the order denying **informa pauperis status**, for the following reasons.

## I. The Court's Report and Recommendation is Erroneous.

The Petitioner's previous habeas petition was dismissed in part for **lack of exhaustion and without prejudice**, and as such, the issues therein were not adjudicated on the merits by this Court.

**See**: C.A. No. 01-266T, DKT#'s 1 and 15 and (PAGE 7 "CONCLUSION")

on file with this court; and the Report and Recommendation (Attached as Exhibit "A")

Our 1st Circuit Court of Appeals has held that when a previous habeas petition is dismissed for lack of exhaustion and the issues therein were not adjudicated on the merits, a subsequent petition with the unadjudicated issues is **not** considered "Second or Successive" within the meaning of 28 USC § 2244 (b)(3)(A).

**See:** Sustache-Rivera v. U.S. 221 F.3d 8, 12-13 (1st Cir. 2000), Cert. denied, 532 US 924 (2001)

**WHEREFORE**, in light of this positive case law and the parallel circumstances, jurisdiction **does not pass** to the 1st Circuit Court. It is respectfully suggested that this Honorable Court retain jurisdiction of this case and adjudicate the issues **presented on their merits.**

II. The Court Erred in Denying an Evidentiary Hearing

The Petitioner filed a motion for an evidentiary hearing and I hereby specifically **object** to its denial. Said motion was denied for the very same reasoning in issue "I" above. **See:** Attached Order (Exhibit B).

By and through the aforementioned facts and citations at issue "I" it is hereby incorporated

and alleged that this Honorable Court erred in its denial order for an evidentiary hearing.

**WHEREFORE**, it is respectfully requested that this Honorable Court rescind the order and **grant** the Motion for an Evidentiary Hearing, as it best serves the means of justice and any other relief this Court deems just and proper.

III. The Court Erred in part by Denying Leave of Proceed In Forma Pauperis.

The Petitioner filed for leave to proceed in forma pauperis and was denied only as to the $5.00 filing fee, but the court was silent as to the other reasons for leave. See: Exhibit "B".

The $5.00 filing fee **was paid** on behalf of the Petitioner by Ms. Gina Pontes on February 28th when she filed the Petitioner's Petition for a Writ of habeas corpus.

It is alleged that the Court failed to consider the other reasons that will require additional funds by this pro-se Petitioner.

Due to this Petitioner's poverty, said denial increases the costs of litigation and would thus place him at a great disadvantage, if not a total disability, to effectively present evidence before this Court.

**WHEREFORE**, it is respectfully Requested that this Honorable Court take into account the other reasons not considered in said order and **grant** in forma pauperis status to the Petitioner, and/or any other additional Relief from costs that may be incurred, as this will also serve the means of justice.

Respectfully Submitted,
on Monday March 24, 2008

John F. Pierce, pro-se

FILED